OPINION
This appeal is taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Mark P. Wilson, Sr., appeals from his conviction and sentence on one count of felonious assault and one count of endangering children. For the following reasons, we affirm the judgment of the trial court.
On November 9, 1998, appellant was indicted by the Lake County Grand Jury on one count of felonious assault in violation of R.C. 2903.11(A)(1), one count of endangering children in violation of R.C. 2919.22(B)(1), and one count of domestic violence in violation of R.C. 2919.25(A). Appellant pled not guilty to all three charges, and the case was set for trial.
On December 15, 1998, appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to the felonious assault and endangering children counts. The remaining charge of domestic violence was dismissed. The trial court accepted appellant's guilty plea and referred him to the probation department for a pre-sentence investigation.
The sentencing hearing in this matter was held on January 14, 1999. At the beginning of these proceedings, the trial court merged the two charges for purposes of sentencing. The trial court then stated on the record that it had considered the purposes and principles of sentencing set forth in Senate Bill 2 and 269, R.C. 2929.11, R.C. 2929.12 and other related sections, the factors involved, the pre-sentence report, and the recommendation of the probation department. No victim impact statement was introduced at the hearing.
Before sentencing appellant, the trial court read on the record appellant's written version of the events in question. The court then proceeded to recite its findings with respect to aggravating factors justifying the imposition of the maximum sentence. In doing so, the court concluded that appellant posed the greatest likelihood of recidivism, and that he had committed the worst form of the offense. Accordingly, the trial court sentenced defendant to the maximum allowable term of eight years in prison.
From this judgment, appellant filed a timely notice of appeal in which he raises the following assignment of error:
 "The trial court abused its discretion by sentencing the defendant-appellant to the maximum term of imprisonment for two second degree felonies."
 Appellant argues that the trial court failed to make an affirmative finding that he had committed the worst form of the offense, or that he posed the greatest likelihood of committing future crimes. While he claims that he does not want to demean the seriousness of his offense, appellant believes that the maximum sentence was unwarranted. According to appellant, although the victim received serious burns as a result of his actions, the injuries were not so serious that they left permanent scars or other damage. Furthermore, appellant maintains that the healing process would be facilitated by the family's ability to communicate and seek counseling together, and that if he is in prison for eight years, the family's ability to do this would be hindered.
As for the likelihood of recidivism, appellant acknowledges that he has not led a law-abiding life. Nevertheless, he argues that the offenses in the instant matter were committed under circumstances not likely to reoccur. Moreover, he feels there is some indication in the record that the incident was accidental. We disagree.
In accordance with R.C. 2953.08, our review of a felony sentence is de novo. State v. Raphael (Mar. 24, 2000), Lake App. No. 98-L-262, unreported, at 4, 2000 Ohio App. LEXIS 1200; Statev. Whittenberger (Dec. 3, 1999), Portage App. No. 98-P-0047, unreported, at 7, 1999 Ohio App. LEXIS 5770. However, this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Thomas
(July 16, 1999), Lake App. No. 98-L-074, unreported, at 10, 1999 Ohio App. LEXIS 3334, quoting State v. Rose (Sept. 15, 1997), Clermont App. No. CA96-1 1-106, unreported, at 15, 1997 Ohio App. LEXIS 4161. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as the facts sought to be established. Thomas at 10.
In State v. Edmonson (1999), 86 Ohio St.3d 324, the Supreme Court of Ohio recently addressed the statutory requirements for imposing a maximum sentence. In construing R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d), the court determined that:
 "In order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Edmonson at 329.
 In addition, the court also noted that when imposing a maximum sentence based on one of the four criteria found in R.C. 2929.14(C), R.C. 2929.19(B)(2)(d):
 "requires a trial court to `make a finding that gives its reasons for selecting the sentence imposed' if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its `reasons for imposing the maximum prison term.'" (Emphasis omitted.) Id. at 328, quoting R.C. 2929.19(B)(2)(d).
 This court has held that according to the new sentencing guidelines, the findings mandated by R.C. 2929.12 and R.C. 2929.14 must appear somewhere on the record, whether it be the judgment entry, the transcript of the sentencing hearing, or somewhere on the record of the sentencing exercise. State v. Chapman
(Mar. 17, 2000), Portage App. No. 98-P-0075, unreported, at 30-31, 2000 Ohio App. LEXIS 1074, citing State v. Boles (June 25, 1999), Ashtabula App. No. 98-A-0061, unreported, at 10, 1999 Ohio App. LEXIS 3035. A sentence which merely recites the language of R.C. 2929.14(C) without any consideration of the statutorily relevant factors is insufficient. State v. Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported, at 4, 1998 Ohio App. LEXIS 4498. For meaningful review, the record must contain some indication, by use of specific operative facts, that the sentencing court considered the statutory factors in reaching its determination. Id.
R.C. 2929.14(C) limits the discretion of a sentencing court to impose a maximum sentence only on defendants who fall into one of the four following categories: (1) those who committed the worst form of the offense; (2) those who pose the greatest likelihood of committing future crimes; (3) upon certain major drug offenders; and (4) upon certain repeat violent offenders. In the case at bar, the trial court found that appellant fit under both the first and second categories.
In determining whether an offender has committed the worst form of the offense, the sentencing court should consider the totality of the circumstances. Raphael at 6-7, citing State v.Garrard (1997), 124 Ohio App.3d 718. See, also, Thomas at 10;Whittenberger at 8. To facilitate this inquiry, R.C. 2929.12(B) and (C) provide a general list of factors that the sentencing court must consider before deciding whether an offender committed one of the worst forms of the offense. When considering the worst form of the offense, it is imperative that the sentencing court only consider the specific crime committed. Raphael at 7. In other words, a court cannot compare the worst form of murder with the worst form of arson. Id.
In making its finding that appellant committed the worst form of the offense, the trial court found the following facts supported its conclusion: (1) the young age of the victim; (2) the serious physical and psychological harm suffered by the victim, which included second degree burns; and (3) the fact that the appellant's relationship with the victim, father, facilitated the offense.
After considering the totality of the circumstances, which includes the disparity in the ages and sizes of appellant and the victim, the familial relationship between appellant and the victim, and the psychological and physical pain suffered by the victim, this court cannot say that the evidence clearly and convincingly demonstrates that the trial court erred in concluding that this was the worst form of the offense. The fact that the child has no permanent injuries is immaterial because, even when the physical wounds have healed, the child will continue to suffer psychological trauma for years to come. See, generally, State v.Gresham (Oct. 22, 1999), Hamilton App. No. C-990077, unreported, 1999 Ohio App. LEXIS 4981 (finding that the defendant committed the worst form of child endangering when he held a four-year-old child in scalding water causing third-degree burns); State v.Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715, unreported, 1998 Ohio App. LEXIS 5932 (finding that the defendant committed the worst form of child endangering when she enlisted her boyfriend to beat her child, which resulted in a broken arm and other physical and mental torture); State v. Richmond (Mar. 13, 1998), Hamilton App. No. C-970518, 1998 Ohio App. LEXIS 970 (finding that the defendant committed the worst form of child endangering when she failed to seek assistance for her physically and mentally handicapped child after her boyfriend had placed the child in scalding water causing third degree burns, which eventually led to the child's death).
As for the likelihood of recidivism, R.C. 2929.12(D) provides a non-exclusive list of factors for a sentencing court to consider when determining whether the defendant is likely to be a repeat offender. Of these factors, the trial court in the instant matter found the following: (1) appellant had a criminal record; (2) appellant had been warned three times by the Department of Human Services about his treatment of his children, including several investigations concerning child abuse; (3) appellant had been convicted of domestic violence for abusing his daughter in 1998; (4) appellant had failed to acknowledge his anger problem; and (5) the offense was committed under circumstances likely to reoccur.
Again, after considering the totality of the circumstances, we cannot say that the evidence clearly and convincingly demonstrates that the trial court erred in concluding that appellant posed the greatest likelihood of recidivism. At the time he committed the current offense, appellant was already a recidivist offender. Moreover, appellant has obviously not responded favorably to non-penal sanctions in the past. For example appellant has attended both parenting and anger management classes on two prior occasions. One of those occasions was required after appellant was convicted of domestic violence involving his daughter. While appellant claims that he is now remorseful for his actions, his past history of violence belies his sincerity.
Only one of the categories in R.C. 2929.14(C) need be met to impose the maximum sentence. In the case at bar, the trial court provided two grounds to support its judgment. The trial court also placed on the record numerous reasons supporting its finding that appellant had committed the worst form of the offense, and that he posed the greatest likelihood of recidivism. Thus, based on our review of the record, we conclude that trial court adequately fulfilled the requirement of R.C. 2929.19(B)(2)(d) and did not err in imposing the maximum sentence on appellant.
Appellant's sole assignment of error is without merit. Accordingly, the judgment of the trial court is affirmed.
 ______________________________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., O'NEILL, J., concur.